**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**KELVIN LYNN DAVIS, JR.**                                                                                    **PETITIONER**
**ADC #601731**

**VS.**                             **CASE NO.  5:11CV00074 SWW/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                                           **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge Susan Webber Wright.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II. Background

In 2007, a Jefferson County jury found Kelvin Lynn Davis, Jr. guilty of capital murder and sentenced him to life imprisonment without the possibility of parole. (#7-1, p. 1-3) Mr. Davis appealed to the Supreme Court of Arkansas, which affirmed his conviction and sentence on January 22, 2009. *Davis v. State*, 375 Ark. 368, 291 S.W.3d 164 (2009). Mr. Davis then filed a Rule 37 petition for post-conviction relief with the trial court, alleging ineffective assistance of counsel. (#7-3, p. 1-9) The trial court denied the Rule 37 petition on May 10, 2010. (#7-4, p. 1-5)

Mr. Davis filed the pending habeas petition on March 29, 2011, alleging that: (1) through State interference, he was denied the right to appeal his Rule 37 petition; (2) his trial counsel provided ineffective assistance by failing to correctly argue a speedy trial issue; (3) his trial counsel provided ineffective assistance by failing to object to a continuance which affected the speedy trial issue; (4) his trial counsel provided ineffective assistance by failing to investigate the forensic evidence; (5) his trial counsel provided ineffective assistance by failing to investigate witness strength; and (6) his trial counsel provided ineffective assistance by failing to notify the prosecution about an allegedly related murder. (#2, p. 3- 6)

Respondent contends that Mr. Davis procedurally defaulted his ineffective assistance of counsel claims by failing to appeal the denial of his Rule 37 petition. (#7) Mr. Davis alleges that he placed a notice of appeal in the Varner Unit mail on June 3, 2010. To support this assertion, Mr. Davis requested production of the Varner Unit Mail Room record of outgoing legal mail from June 1, 2010, to June 10, 2010. (#11) In making this request, Mr. Davis asserted that the Varner Unit Mail Room kept a legal mail log. (#12) Respondent certified that under prison policy, no record is kept for outgoing mail. (#16) A record is created only when an inmate requests certified mail, and the prison deducts the postage for certified mail from the inmate's trust account. (#16) Respondent filed an affidavit indicating that no such record exists for Mr. Davis. (#16-1)

**III.   Discussion**

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional error. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); 28 U.S.C. § 2254(b) and (c). Mr. Davis's federal claims must rely on the same factual and legal bases he raised in the state courts. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir.2006) (citations omitted).

Federal habeas relief is generally available to a petitioner only after he or she has fully exhausted the remedies available in the state courts. 28 U.S.C. § 2254 (b)(1)(A).

3

This means that the petitioner must "use the State's established appellate review procedures." *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999).

In the present case, Mr. Davis defaulted all of his claims for relief. He did not exhaust his claims of ineffective assistance of counsel because he did not properly appeal the denial of his Rule 37 petition. See *Armstrong*, 418 F.3d at 926 (failure to appeal the denial of state post-conviction relief to the state's highest court was failure to exhaust). Mr. Davis did not present his claim that State interference denied him the right to appeal the denial of the Rule 37 to a state court.[1]

Claims raised in a federal habeas petition that were not exhausted through state court proceedings, and for which there is no remaining state court remedy, are considered defaulted. A habeas petitioner's default can be excused only if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

A. *Cause for Default*

The cause and prejudice standard applies to procedural defaults on appeal as well as at trial. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986). Under this

---

[1] It appears that the State interference claim is more an argument for cause to excuse his default than an independent claim for relief.

standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488.

Mr. Davis has not presented any evidence of State interference with his attempt to appeal the denial of his Rule 37 petition. He presented evidence that he prepared a notice of appeal, placed it in the regular mail outbox at the Varner Unit, and diligently pursued the matter with the Jefferson County Circuit Court Clerk's office. (#3, p. 11-20, #19) Mr. Davis did not, however, request certified mail or delivery confirmation.

There is no record that the Jefferson County Circuit Court ever received Mr. Davis's notice of appeal. There is also no evidence that a State official interfered with delivery of the notice of appeal in any way. Mr. Davis asks the Court to assume that because he placed the notice of appeal in the mail outbox, and because it was never filed in the Jefferson County Circuit Court, that State inference of some kind was to blame.

A finding that the State somehow interfered with the delivery of Mr. Davis's notice of appeal is not essential for a finding of cause. A court may find cause to excuse procedural default when a prisoner establishes, as Mr. Davis has, that he timely and properly mailed a pleading, but delivery never occurred. *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999). The petitioner does not have to show that nondelivery was the

State's fault, as long as nondelivery was not the result of any want of attention by the petitioner to the requirements of the State's filing deadlines.[2] *Id*.

For purposes of this habeas corpus action, the Court will assume that Mr. Davis timely and properly placed his notice of appeal in the Varner Unit outgoing mail; that he diligently pursued the matter with the Jefferson County Circuit Court Clerk's office; and that nondelivery was not due to lack of attention to the matter. He has established cause, then, for his procedural default. Mr. Davis has failed to show prejudice, however, and prejudice is required not only to overcome his procedural default but also to show ineffective assistance of counsel.

The trial court addressed Mr. Davis's claims in his Rule 37 petition for ineffective assistance of counsel. (#7-4, p. 1-5) As the trial court noted, Mr. Davis's counsel moved for dismissal based on the lack of a speedy trial. Counsel argued this motion at a hearing on the matter, but the trial court ultimately denied the motion to dismiss.

The trial court found Mr. Davis's claim that his counsel failed to investigate the strength of the State's witnesses conclusory. (#7-4, p. 4) Mr. Davis has not supported this assertion in the pending habeas petition either. The trial court also addressed the claim regarding a murder that was allegedly related. (7-4, p. 4)

---

[2] The Eighth Circuit indicated that, if required, a Court could attribute fault to the State in this situation. See *Ivy*, 173 F.3d at 1141 ("[I]t was incumbent upon the State to ensure that Ivy's motion was promptly put into the regular stream of outgoing mail. Had the State done so in this case, the possibility that the motion would not have been delivered seems so highly unlikely as not to be worthy of serious consideration.").

Mr. Davis asks this Court to hold an evidentiary hearing so that he can establish prejudice. (#3) Federal habeas review, however, is limited to the record that was before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

The trial court properly addressed Mr. Davis's ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Mr. Davis has failed to show or explain how the trial court's decisions conflict with the United States Constitution or federal law. Because the record does not evidence any error by the trial court, Mr. Davis cannot show that he was prejudiced by a lack of appellate review. Without establishing prejudice, Mr. Davis has not overcome his procedural default.

B. *Miscarriage of Justice*

Mr. Davis may also overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice. To establish a miscarriage of justice, Mr. Davis must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, not legal innocence. *Id*. A claim of actual innocence requires that petitioner "support his allegation of constitutional error with new reliable evidence . . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*.

Mr. Davis has not come forward with any new evidence of actual innocence so as to overcome his procedural default. He claims that another inmate confessed to the murder that he was convicted of committing. (#3) He provided nothing beyond his own statement, however, to support this alleged confession. Without an affidavit from the "real killer," or some other evidence, Mr. Davis's statement is insufficient to show actual innocence. As the trial court noted, the State found no evidence connecting the other inmate to the murder. Instead, the physical and eyewitness evidence implicated Mr. Davis. (#7-4, p. 4)

Mr. Davis has not presented any evidence that failure to hear this petition would result in a miscarriage of justice. Accordingly, Mr. Davis has failed to overcome his procedural default.

## IV. Conclusion

The Court recommends that Judge Wright dismiss Mr. Davis's petition for writ of habeas corpus, with prejudice.

DATED this 9th day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE